**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL FILE NO. 1:16-cv-00172-MR
CRIMINAL FILE NO. 1:05-cr-00004-MR-DLH-2**

| | |
|---|---|
| **CHRISTINA LYNN WHITE,**     ) | |
|     ) | |
| **Petitioner,**     ) | |
|     ) | |
| **vs.**     ) | **O R D E R** |
|     ) | |
| **UNITED STATES OF AMERICA,**     ) | |
|     ) | |
| **Respondent.**     ) | |
| _____     ) | |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this action in abeyance. [CV Doc. 3].[1]  According to the government's motion, defense counsel has consented to its request.  [Id.].

Petitioner was convicted by plea of one count of federal kidnapping in violation of 18 U.S.C. § 1201, and one count of brandishing a firearm in relation to that offense, in violation of 18 U.S.C. § 924(c).  [CR Doc. 49].  The Court sentenced Petitioner to a term of 135 months on the kidnapping

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting that the document is listed on the docket in the civil case file number 1:16-cv-172-MR, or the letters "CR" denoting that the document is listed on the docket in the criminal case file number 1:05-cr-4-MR-DLH-2.

offense, plus an 84-month consecutive sentence on the Section 924(c) offense. [Id.].

On June 16, 2016, Petitioner commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. In the motion to vacate, Petitioner contends that her federal kidnapping offense no longer qualifies as a "crime of violence" in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Consequently, Petitioner asserts that her federal kidnapping offense likewise cannot support her § 924(c) conviction and such conviction must be vacated. [Id. at 4-5].

In response to Petitioner's motion, the government has filed a motion to hold this proceeding in abeyance. The government notes that pending in the Fourth Circuit is the case of United States v. Ali, No. 15-4433 (4th Cir.) (tentatively calendared for oral argument during the October 25-28, 2016, session). The Court notes that also pending in the Fourth Circuit is the case of United States v. Simms, No. 15-4640 (4th Cir.) (tentatively calendared for oral argument during the October 25-28, 2016, session). In Ali and Simms, the Fourth Circuit is considering whether Johnson renders the residual clause of § 924(c)(3)(B) unconstitutionally vague.

Based upon the foregoing reasons, and with Petitioner's consent, the Court concludes that the government's motion should be granted.

## <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 3], is hereby **GRANTED**, and this matter is hereby held in abeyance pending further orders of this Court. The parties shall notify the Court of the opinions rendered by the Fourth Circuit in the <u>Ali</u> and <u>Simms</u> cases within seven days after each such matter is decided.

**IT IS SO ORDERED.**

Signed: September 2, 2016

Martin Reidinger
United States District Judge